## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **BRYAN S. BEHRENS,** | ) | **8:08CV523** |
| | ) | |
| **Plaintiff/Counterclaim- Defendant,** | ) | |
| | ) | |
| **and** | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **THOMAS D. STALNAKER, as the** | ) | |
| **Receiver of Bryan S. Behrens,** | ) | |
| | ) | |
| **Intervenor Plaintiff/Counterclaim-** | ) | |
| **Defendant,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ARCH INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant/Counterclaim-Plaintiff.** | ) | |

This matter is before the Court on the Plaintiff's Motion to Reconsider Memorandum and Order (Filing No. 73). Plaintiff Brian S. Behrens ("Behrens") submitted a brief in support of his Motion (Filing No. 74), and Intervenor Plaintiff Thomas D. Stalnaker, Receiver, joined in Behrens's Motion and also submitted a brief in support. (Filing No. 75). Arch Insurance Company ("Arch") submitted a brief in opposition (Filing No. 76). For the reasons stated below, the Motion will be denied.

### BACKGROUND

In its Order of March 9, 2010 (Filing No. 72), the Court denied Behrens's Motion for Partial Summary Judgment (Filing No. 57). The Court found that "Behrens's actions that are the subject of the investors' claims were not Professional Services as defined by the Policy and were not, even potentially, within the Policy's coverage" and therefore Behrens was "not entitled to judgment as a matter of law on the duty-to-defend issue." (Filing No. 72 at 11). The Court further directed Behrens "to show cause, if any, why his Complaint

(Filing No. 1) should not be dismissed in its entirety and declaratory judgment entered in favor of Defendant Arch Insurance Co. on its Amended Counterclaim (Filing No. 27)." (Filing No. 72 at 14).

## STANDARD OF REVIEW

The Local Rules provide the following standard of review for motions for reconsideration:

> Motions for reconsideration are disfavored, and the court will ordinarily deny them without a showing of (1) manifest error in the prior ruling or (2) new facts or legal authority, neither of which could have been brought to the court's attention earlier with reasonable diligence.

NECivR 60.1(c).

## DISCUSSION

### Plaintiff's Motion for Partial Summary Judgment

Behrens argues that the Court improperly relied on extrinsic evidence including an affidavit of the President of Sunset Financial Services, Inc. ("Sunset"), and the Court's previous Orders granting Sunset's motions to dismiss in the separate private investors' actions. (Filing No. 74 at 2). Behrens also argues that the Court "misinterpreted Behrens' argument contending that the notes at issue could constitute annuities for purposes of determining coverage." (*Id.* at 4). Finally, he contends that the Court's reliance on *Auto-Owners Ins. Co. v. Home Pride Cos., Inc.*, 684 N.W.2d 571, 575 (Neb. 2004), is misplaced, because in the matter before the Court "the allegations of the SEC Complaint do provide for potential coverage under the Policy" and that an exception to an exclusion was not offered by Behrens as the "sole basis for coverage." (Filing No. 74 at 5).

A lengthy discussion of the arguments raised by Behrens is unnecessary. The arguments are, in large part, a reiteration of those already raised by Behrens and considered by the Court. The Court will, however, address his contention that the Court improperly relied on extrinsic evidence in its decision to deny his Motion for Partial Summary Judgment.

To clarify, the Court did not base its decision in this matter on its previous findings in the individual investors' cases.[1] Rather the Court referred to those findings, seeing no need to repeat or further analyze the issue of Sunset's alleged authorization and/or approval of Behrens's sale of National Investments securities. The Court's previous findings were based on the allegations in the individual investors' complaints, just as the Court's determination of the duty-to-defend issue in the present matter is based on the allegations in those individual investors' complaints.[2] The Court merely reached the same conclusion, in finding that Behrens's alleged conduct did not fall within the Policy's definition of Professional Services and was, therefore, not within the Policy's coverage.

_____

[1]The Memorandum and Order does not include any statement that the Court relied on the affidavit of Sunset's President, Bruce Olberding. The Court did recognize that the affidavit was submitted by Arch in its opposition to Behrens's motion. (*See* Filing No. 72 at 10).

[2]The Court disagrees with Behrens's contention that the allegations in the SEC's Complaint determine the Policy's coverage. The Complaint filed by the SEC in 8:08cv13 was not submitted to the Court with respect to Behrens's Motion for Partial Summary Judgment, but previously submitted by Behrens in opposition to Arch's Motion for Judgment on the Pleadings. (Filing No. 41-3). Even if the allegations in the SEC Complaint determined Arch's duty-to-defend under the Policy, the Court disagrees with Behrens's contention that the SEC Complaint alleges that Behrens was acting as a branch office for Sunset in his sale of National Investments securities. (*See* Filing No. 74 at n.2).

Having carefully considered all of the arguments made by the parties and, finding neither manifest error in the Court's Order of March 9, 2010, nor any new showing of facts or relevant legal authority, the Court concludes that its Memorandum and Order dated March 9, 2010, need not be disturbed.

**Order to Show Cause**

The Court of Appeals for the Eighth Circuit has held that "[a] district court can enter summary judgment sua sponte if 'the losing party was on notice that [it] had to come forward' with its relevant evidence." *Nunley v. Dept. of Justice*, 425 F.3d 1132, (8th Cir. 2005) (quoting *Stone v. General Motors Corp.*, 400 F.3d 603, 607 (8th Cir. 2005)).

Behrens submitted evidence when he filed his Motion for Partial Summary Judgment. (Filing No. 59). In its Memorandum and Order denying the Motion, the Court directed Behrens to show cause why his Complaint should not be dismissed in its entirety and declaratory judgment entered in favor of Arch. (Filing No. 72 at 14). Behrens filed a Motion for Reconsideration and a supporting brief, but no additional evidence. Behrens received "sufficient advance notice and an adequate opportunity to demonstrate why summary judgment should not be granted." *Interco Inc., v. Nat'l Sur. Corp.*, 900 F.2d 1264, 1269 (8th Cir. 1990). The Court now finds that there are no genuine issues of material fact with respect to the duty-to-defend issue and that Behrens's Complaint should be dismissed in its entirety. As a corollary, and based on the legal analysis contained in the previous Memorandum and Order (Filing No. 72), Arch is entitled to declaratory judgment in its favor with respect to the duty-to-defend issue raised in its Amended Counterclaim.

Accordingly,

IT IS ORDERED:

1.     The Motion to Reconsider Memorandum and Order (Filing No. 73) filed by Bryan S. Behrens and joined in by the Receiver, Thomas D. Stalnaker, (Filing No. 75) is denied;

2.     The Complaint (Filing No. 1) filed by Bryan S. Behrens is dismissed, with prejudice;

3.     Arch Insurance Company is entitled to judgment as a matter of law on its Amended Counterclaim (Filing No. 27);

4.     The Motion to Bifurcate Duty to Defend Issue and to Stay Remainder of Proceedings (Filing No. 50) and the Motion for Protective Order (Filing No. 54) filed by Bryan S. Behrens and joined in by the Receiver, Thomas D. Stalnaker, (Filing No. 53), are denied as moot; and

5.     A separate Judgment will be entered.

DATED this 26th day of April, 2010.

                              BY THE COURT:


                              s/Laurie Smith Camp
                              United States District Judge